## CAPELL v. MOSES.

1. LEGAL ISSUES—PRACTICE.—Where a defendant claims title to land of which partition is sought, the case must be put on calendar 1, and the legal issue raised by the answer first submitted to a jury on the law side of the court and adjudicated, before the right to partition is passed upon. It is error to frame issues out of chancery to be submitted to a jury in such case.
2. APPEALS—STAY—INTERLOCUTORY ORDERS based upon an erroneous proposition of law, and involving the right of trial according to law, are at once appealable, and notice of appeal from such an order operates as a stay of further proceedings on Circuit.

Before NORTON, J., Sumter, October, 1891.

Action by Marion A. Capell against Altamont Moses. The opinion states the case.

*Messrs. Lee & Moise*, for appellant.

*Mr. A. B. Stuckey*, contra.

September 3, 1892. The opinion of the court was delivered by

MR. JUSTICE POPE. The plaintiffs brought their action in the Court of Common Pleas for Sumter County, in this State, against Altamont Moses, as defendant, for the partition amongst plaintiffs and defendant, of a tract of land of 60 acres, situated in said county. By one paragraph (5) of the complaint, it is alleged

that the defendant was the purchaser of a certain interest in said land at a foreclosure sale made under the decree of the Court of Equity. The defendant denied all the paragraphs of the complaint, except that just mentioned. By operation of law, he admits all the allegations of that paragraph. However, the defendant in his answer goes further—he admits possession of the land, and claims to be the owner thereof in fee. When the cause was reached on the calendar and the pleadings were read, the presiding judge, his honor, Judge Norton, passed the following order over the objections of the defendant, to wit: "The complaint in the above stated action having alleged that the plaintiffs and defendant are tenants in common of the tract of land described in the complaint, and that they derived their title from and through William Henry Capell, deceased, and the answer of the defendant, Altamont Moses, having denied this allegation of the complaint, and having set up title to himself to the said tract of land, it is ordered that the following issue be referred to the jury: "Did the plaintiffs and defendant derive their title from William Henry Capell, deceased, as tenants in common?"

From this order, framing this issue out of chancery, the defendant instantly served notice of appeal to this court for the reversal thereof. It seems that the presiding judge ordered the trial to proceed, notwithstanding such notice of appeal. The grounds of appeal are as follows: 1. Because there was no authority of law to frame said issue over the objections of the defendant. 2. Because said issue as framed limited the defendant to a single issue, whereas his answer entitled him to other issues and defences. 3. Because the defendant having served notice of appeal immediately, his honor erred in ordering the issue tried before the appeal was disposed of.

The grounds of appeal, three in number, practically present but one question for an answer by this court. It is whether an issue of title to land can be tried, except by the consent of the parties to the cause, by a jury as an issue out of chancery. This court has emphasized the necessity of trials involving title to land being recognized as purely legal issues, which, under our State statute, must be tried by jury. The Circuit Court has no power to impound such issues in chan-

cery. Unless a jury trial is waived, actions that involve such issues must be placed on calendar 1, and submitted to the jury, and no interference with such trials, such as framing issues, must be had. In every case where this plain mandate of the law is disregarded by the Circuit Judge, on an appeal to this court, a new trial will be accorded. In *Adickes* v. *Lowry*, 12 S. C., 108, Mr. Justice Haskell, in announcing the judgment of this court, very properly stated the rule: "At the trial the legal and equitable issues must be distinguished and decided by the court in the exercise of its distinct functions, as a Court of Law and a Court of Equity, and only those should be determined by a jury, which are properly triable by a jury, while those which would formerly have been properly triable in equity, must be determined by the judge in the exercise of his chancery power."

In *De Walt* v. *Kinard*, 19 S. C., 290, Chief Justice McIver, in delivering the judgment of this court, said: "The main purpose was to recover possession of real property upon the allegation that the plaintiff had title thereto, and unless this allegation was admitted, an issue was presented which the defendant had the right to have tried by a jury, unless he waived that right, and there is no evidence of such waiver. There was no necessity for the defendant to make a formal demand for that mode of trial, for, if the issue was triable in that way, he had the right to assume that the court, without such demand, would accord to him a right expressly guaranteed to him by statute. Lynch's Code, 276." In *Reams* v. *Spann*, 28 S. C., 533, Mr. Justice McGowan, as the organ of this court, said: "It seems to us that the case embraced two causes of action, one purely legal for the recovery of the land from the McRaes, and the other equitable, for partition after the land was recovered. The legal issue should therefore have been first tried by a jury, and if that resulted in favor of the plaintiffs, then, and not till then, could the court on its equity side decree partition as in *Adickes* v. *Lowry*, 12 S. C., 97. In the trial of the legal issue, *the action being for the recovery of specific real property, the question of title should have been submitted to a jury upon the issues made by the pleadings* (italics ours). As we understand it, the right of a party to demand a trial by jury under section 274 of the Code, in an action for the

recovery of specific property, differs very materially from any right concerning issues from chancery." So in *Carrigan* v. *Evans*, 31 S. C., 262, this court affirmed the principles last above quoted. The first two exceptions are sustained.

As to the third exception, relating as it does to a right of appeal from an interlocutory order. This is not usual, and yet in some exceptional cases it is admitted. The distinction seems to arise in those matters where the Circuit Judge commits some error of law that will prejudice the appellant in his trial, and which error of law goes to the root of the matter. *Bank* v. *Stelling*, 32 S. C., 102, was a case where the Circuit Judge decided that a defendant had been properly made a party, and this court sustained the right of appeal therefrom ; and after such appeal had been taken, the Circuit Court was ousted of jurisdiction to decree on the merits. So in *Sease* v. *Dobson*, 34 S. C., 345, this court held that if the Circuit Court, in granting or refusing an interlocutory order, based its decision upon an erroneous proposition of law, an appeal would lie to this court. As we before remarked, it is only in exceptional cases that this court views with approval an appeal from an interlocutory order, for it is usually far better to await the coming here upon an appeal from a final decree or judgment, at which time it is competent for this court to review alleged defects or errors, not only in the final decree or judgment, but also at the same time to consider alleged errors in intermediate or interlocutory orders. *McCrady* v. *Jones*, ante 174, and cases there cited.

Having thus passed upon all the questions here presented, we feel that all the proceedings of the Circuit Court in this case, commencing with the order framing the issue appealed from, should be annulled.

It is the judgment of this court, that the judgment of the Circuit Court appealed from be reversed, and the cause remanded to the Circuit Court, with directions to place the cause on calendar 1 for the trial of the issue tendered by the defendant, and after that for such further proceedings as may be necessary on the chancery side of the court.