### 7217

### HICKSON LUMBER CO. v. STALLINGS.

Issues.—On a complaint showing plaintiff is entitled to damages for breach of contract, rescission of contract and injunction against continuous breach, defendant, denying some allegations, and explaining others, is not entitled to have all the issues tried by jury, but it is proper for Judge to order equitable issues tried by Court before legal issues.

Before WATTS, J., Darlington, May, 1908. Affirmed.

Action by Hickson Lumber Company against Sylvester Stallings. From order transferring case from Calendar 1 to Calendar 2, for trial of equitable issues, defendant appeals.

*Messrs. Spears &· Dennis* and *E. O. Woods,* for appellant. *Mr. Dennis* cites: 77 S. C., 1; 60 S. C., 559; 32 S. C., 214. *Mr. Woods* cites: 79 S. C., 266, 420; 61 S. C., 1; 77 S. C., 1; 43 S. C., 192; 47 S. C., 189; 53 S. C., 130; 1 Bail., 23; 66 S. C., 84.

*Messrs. R. T. Caston, Edward McIver* and *Geo. E. Dargan,* contra. *Mr. Caston* cites: 56 S. C., 298; 27 S. C., 408; 79 S. C., 473; 49 S. C., 95; 54 S. C., 430; 23 S. C., 388; 79 S. C., 266; 60 S. C., 391; 11 Am. Dec., 500; 52 S. C., 461; 70 S. C., 282.

June 16, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY.    The appeal herein is from an order of his Honor, the Circuit Judge, transferring the case from Calendar 1 to Calendar 2.    The reason assigned by him was that the issues raised by the pleadings, other than the question of damages, should be tried by the Court, and that they should be determined before the trial of the question of damages.

The practical question presented by the exceptions is whether the appellant was entitled to a trial by jury, upon all the issues raised by the pleadings, on the ground that such issues were legal.

The allegations of the complaint material to the question under consideration are as follows:

"That on or about the 31st day of January, 1906, the plaintiff and defendant entered into a contract, whereby the plaintiff undertook and agreed to furnish to the defendant a large body of timber, described in the contract, at least five million feet, in the county and State aforesaid, to be cut by him, for and on the orders of plaintiff, at a price and in a manner stated in said contract, and to furnish a site for defendant's mill, together with the right of way for tramroads from the mill to said timber; and the defendant therein contracted to install, at once, on said site, a complete first-class sawmill outfit, of a sufficient capacity to give a daily output of ten thousand feet one-inch board, to put in a dry kiln capable of drying ten thousand feet of boards per day, and with said plant to cut and manufacture said timber on and according to the orders of plaintiff; and further contracted not to interfere with the plaintiff in buying other timber accessible to said site, and which could be cut at such location.

"That although more than a year has passed since the execution of the said contract, and though plaintiff has repeatedly urged defendant to comply with his contract, by cutting the lumber which he was to furnish plaintiff, he has utterly failed and refused to cut and furnish to plaintiff

any lumber whatsoever, except one carload about the 15th or 16th of November, last, and two additional carloads soon thereafter, in all not more than 25,571 feet, less than three days' output of the capacity of the said mill.

"The defendant has utterly failed to comply with his said contract, but has been, and still is, as plaintiff is informed and believes, using the mill site and location provided by plaintiff for the purpose of cutting and manufacturing lumber for other parties, and on his own account.

"That on or about the 10th day of December, 1906, plaintiff, having become convinced of the incapacity of the defendant and his inability to carry out his contract, and to furnish the lumber as ordered, gave him notice that the contract was no longer binding on it, and notified him to vacate the premises of the plaintiff and not to molest or further interfere with the timber thereon.

"That, notwithstanding his utter failure to cut said timber as provided by said contract, defendant refuses to vacate said premises, and threatens and declares his purpose to cut said timber in such quantities and at such times as he may be able to get the work done, and does not even now undertake or promise to cut the amount or furnish same on orders provided in said contract.

"That the defendant continues to occupy the mill site of plaintiff, against its protest, and is cutting and manufacturing the timber of adjacent landowners, which plaintiff proposed, under said contract, to purchase and furnish to defendant, and continues to cut, in very small quantities, the timber of plaintiff, and asserts his right to prevent plaintiff from cutting its timber itself, or having same cut by other parties, or of selling same, any one of which it could do easily if it was not for the interference of defendant, and his molestation of the same, and the assertion of his own alleged rights, as above stated."

The relief demanded is as follows:

1st. "For the sum of two thousand dollars' damages.

2d. "That the said contract be abrogated and declared null and void.

3d. "That the defendant vacate and surrender to the plaintiff said mill site; and

4th. "That the defendant be enjoined and restrained from cutting or in any way interferring with the timber and lands of the plaintiff, described in the complaint, and from sawing and manufacturing timber of other parties, at said mill site of plaintiff, and from further using said mill site for sawing and manufacturing lumber, and from interferring with and molesting plaintiff, or its agents or assigns, in the cutting and using of its said timber."

The answer of the defendant denies certain allegations of the complaint, and explains others, but does not set up any specific defense.

The relief demanded by the defendant is as follows:

1st. "For the sum of five thousand dollars' damages against the plaintiff.

2d. "That the order of injunction heretofore issued be vacated and the defendant be allowed to continue operating under the contract, and that plaintiff be compelled to carry out said contract.

3d. "That the mill site be declared to belong to the defendant, under the agreement, if said contract be terminated.

4th. "That the complaint in this action be dismissed, with costs.

5th. "And for such other and further relief as the Court may deem meet and proper."

Section 274 of the Code provides that "an issue of law must be tried by the Court, as also cases in chancery, unless they be referred. * * * An issue of fact for the recovery of money only, or for specific real or personal property, must be tried by a jury unless a jury trial be waived." * * *

In *Ex parte Landrum*, 69 S. C., 136, 141, 48 S. E., 47, the Court uses this language: "In an action at common law

the only judgments that could be rendered were: 1. For the recovery of specific real property. 2. For the recovery of specific personal property. 3. For money. In the case under consideration.the respondents not only seek to recover judgment for the amount of their fees, but likewise to have determined out of what fund they are to be paid. This renders it necessary to invoke the aid of the Court in the exercise of its chancery powers." See, also, *Pratt* v. *Timmerman,* 69 S. C., 186, 48 S. E., 255.

Not only do the allegations of the complaint show that the plaintiff is entitled to legal relief, but they are appropriate to an action seeking equitable relief, by way of rescission of contract, and for injunction against an alleged continuous breach of contract.

It can not, therefore, be successfully contended that the only issue of fact raised by the pleadings was either for the recovery of specific real or personal property or for money.

It is the judgment of this Court that the order of the Circuit Court be affirmed.