### 12223

#### PALMETTO BANK & TRUST COMPANY v. GRIMSLEY *ET AL.*

##### (138 S. E., 624)

1. Mortgages—Circuit Judge Had Authority to Refer Case to Special Referee to Take and Report Testimony in Action to Foreclose Mortgage.—In action to foreclose a mortgage wherein there was defense of fraud, deceit, and misrepresentations, Circuit Judge had authority to pass order referring case to Special Referee to take and report testimony.

2. Reference—That Motion for Order to Frame Issues Was Pending at Time of Order Referring Case to Referee Held Immaterial.—Fact that, at time of passing of order referring case to

Referee to take and report testimony, notice of motion for an order to frame issues was pending, did not affect power of Circuit Judge in respect thereto.

3. Reference—Order Referring Case to Referee Does Not Affect Power of Court to Pass Order at Proper Time Framing Issues.— Order of Circuit Judge referring case to Special Referee to take and report testimony does not affect power of Court in its discretion to pass an order at proper time framing issues.

Before Dennis, J., Florence, October, 1926. Affirmed.

Action by the Palmetto Bank & Trust Company against C. D. Grimsley and others. From an order referring the case to a special referee to take and report testimony defendant named appeals. Affirmed.

*Mr. D. Gordon Baker,* for appellant, cites: *Error to grant order of reference unless long account involved:* Sec. 593, Code Civ. Proc.; 134 S. C., 71; 132 S. C., 361.

*Mr. Wm. H. Smith,* for respondent, cites: *Reference to take testimony to be reported to the Court is not a reference for trial; does not interfere with appellant's right to another mode of trial:* 58 S. C., 459. *Power of Judge to order reference:* 21 S. C., 371; 34 S. C., 169; 53 S. C., 129; 73 S. C., 227; 65 S. E., 959; 130 S. C., 131; 134 S. C., 71; 132 S. E., 620. *Principle once declared by the Courts, the people have a right to regulate their actions and contracts thereby:* 87 S. E., 421; 80 S. E., 86.

June 20, 1927.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an appeal from an order of his Honor, Judge Dennis, referring the case (which is an action to foreclose a mortgage, to which the defendant set up the defense of fraud, deceit, and misrepresentations) to J. M. Lynch, Esq., as special referee "to take the testimony in the above-entitled cause of action, and to report the same to the Court within 30 days of the taking of same, the said referee hereby ap-

pointed to in no way pass upon the admissibility of testimony nor to report any conclusions of fact or law."

The defendant objected to the order upon two grounds: (1) That there was no long accounting involved; (2) that there was a motion pending to frame issues.

From the order the defendant has appealed upon the same grounds.

It appears that within due time the appellant gave notice of a motion to frame issues, and that before that motion could be heard the order of reference was noticed and passed.

The power of the Circuit Judge to pass the order of reference, which was specifically limited to taking and reporting the testimony, is sustained by the decision of this Court in the case of *People's Bank v. Helms,* 140 S. C., 107; 138 S. E., 622, filed herewith.

The fact that notice of a motion for an order to frame issues was pending at the time of the passage of the order of reference in no wise affected the power of the Circuit Judge in respect thereto; nor does the order of reference affect the power of the Court, in its discretion, to pass an order at the proper time framing issues.

The judgment of this Court is that the order appealed from be affirmed.

MR. CHIEF JUSTICE WATTS, MESSRS. JUSTICES BLEASE and STABLER, and MR. ACTING ASSOCIATE JUSTICE PURDY concur.