12581

SLOAN *ET AL.* v. BURNETT *ET AL.*

(146 S. E., 601)

14

*Messrs. Thurmond & Daniel,* for appellants,

*Messrs. Grier, Park & McDonald,* for respondents,

February 8, 1929.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

The above-entitled action was commenced by the plaintiffs against the defendants on the 16th day of May, 1928, and the defendants duly interposed answer to the complaint.

The plaintiffs made a motion for an order, referring all issues of fact and law to the Master in and for Greenwood County, in the State of South Carolina, but defendants strenuously opposed the order; however, his Honor, C. C. Featherstone, granted the order of reference accordingly, and from this order, in due time, the defendants gave notice of intention to appeal to the Supreme Court.

The order of Judge Featherstone will be reported. The sole question in this case is whether an order of reference is proper under the pleadings. If it is, the order is not appealable, and the appeal should be dismissed.

The order appealed from is an order of reference to the Master to take the testimony and report upon all issues of law and fact. The undisputed facts as

shown by the complaint and admitted by the answer are that the Greenwood Highway Commission condemned a strip of land 75 feet wide through defendants' lands for the purpose of building and constructing a highway and for uses incident thereto. The right of way extends 37½ feet from the center of the road. The county paid defendants $400.00 for this strip of land, and shortly after the road was completed defendants went back on the lands and erected thereon a filling station, partly within and partly without the right of way. The roof of the filling station extends into the 37½ feet, 13.8 feet on one side and 10.4 feet on the other side, and practically takes one-half of the right of way from the center of the road on that side.

These allegations in the complaint are admitted by the answer.

Plaintiffs seek to enjoin the obstruction and require the removal of it, together with damages. The answer of the defendants simply takes the general position that the fee to the lands is in the defendants, and they have the right to use any portion of the strip of land for their own purposes so long as they do not obstruct or interfere with the actual use thereof for highway purposes; and it alleges that the defendants erected the structure where directed by an engineer acting in the scope of his duties for the State Highway Commission, and, therefore, plaintiffs are estopped from questioning their right to so use the same.

The question, therefore, before the Court simply resolves itself into one of construction of the pleadings.

If the pleadings raise an issue of title to real estate, then it is, of course, triable by jury, so the first question is whether or not an issue of title is raised.

We find that no such issue is raised by the pleadings, because it is admitted that the lands were condemned by the Highway Commission for road purposes, and that defendants were paid therefor; and it is conceded by the Highway Commission that the fee to the lands is in the defend-

ants, and that plaintiffs simply have an easement for road purposes over the same, with all the incidents necessary to the exercise of such easement. This is admitted by the defendants, and, therefore, there could be no issue of title.

The next question which arises is whether the case ■ under the pleadings falls within the provisions of Section 533 of the Code, which reads as follows:

"An issue of law must be tried by the Court, as also cases in chancery, unless they be referred as provided in Chapter V of this title. An issue of fact, in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived, as provided in Section 588, or a reference be ordered."

A casual examination of the complaint shows that its main purpose is to remove the obstruction and to prevent the defendants from maintaining an obstruction on the right of way of the plaintiffs, and as incidental to this the complaint asks damages. It can, therefore, hardly be said that the action is for the recovery of money only or of specific real or personal property.

This section of the Code has come before the Court for construction many times. In the case of *Hickson Lumber Co. v. Stallings,* 83 S. C., 51, 64 S. E., 1015, where the action was somewhat like the action in this case, the Court held that, since the allegations of the complaint not only ask for legal relief, but equitable relief by way of injunction, it could not be successfully contended that the issues of fact raised by the pleadings were for the recovery of specific real or personal property or for money, and, therefore, the case could properly be referred to the Master. The section was again discussed in the case of *W. Gordon McCabe & Co. v. Colleton,* 106 S. C., 30, 90 S. E., 161, and in *Shute v. Shute,* 79 S. C., 426, 60 S. E., 961, where a great many cases are discussed and cited, and again in *Gregory v. Perry,* 66 S. C., 458, 45 S. E., 4.

If the Court reaches the conclusion that the complaint is not for the recovery of money only or for the recovery of specific real or personal property, then, as a matter of course, the case is referable.

This does not necessarily deprive the defendants of ■ a trial by jury. They have the right under the rules of the Court to ask a Court of Equity to frame issues, and the Court has the power, notwithstanding the order of reference, to frame issues on the trial of the case, at the proper time. This was decided in the case of *Palmetto Bank v. Grimsley,* 140 S. C., 105, 138 S. E., 624.

There is no question about the terms of the order of reference, for that now has been disposed of by the Act of 1928, p. 1149, where the Court, on application of either party, or on its own motion, may make a general order of reference as to the law and facts in all equitable actions. The only real question in the case is whether the complaint can be construed to be for the recovery of money only or for specific real or personal property.

Plaintiffs gave notice after this issue was before the Court that all claims for damages were abandoned.

The point made that plaintiffs cannot maintain this suit is not properly made by the pleadings. There is no legal issue of fact in the case that would necessitate a trial by jury.

All the exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and CARTER concur.