14781

*EX PARTE* KELLER

HUTTO *ET AL. v.* HUTTO *ET AL.*

(199 S. E., 909)

30

32

34

*Messrs. W. R. Symmes* and *Robinson & Robinson,* for appellant,

*Messrs. John S. Bowman* and *J. M. Moorer,* for respondent,

December 2, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

In January, 1937, J. O. Hutto, and others, heirs-at-law of S. P. Hutto, deceased, brought their action against Mrs. Pearl Hutto, individually and as administratrix of the estate of S. P. Hutto, deceased, and F. O. Hutto, as administrator of the said estate, for the purpose of partitioning the real estate of which S. P. Hutto died seized and possessed, which action resulted in a decree under which the said real estate was sold at public auction. At that sale B. M. Keller and F. O. Hutto each bought certain of the tracts of land.

This present proceeding is in the nature of a rule to show cause for the purpose of putting the petitioner, B. M. Keller, in possession of a certain portion of the land which he alleges he purchased at this sale and which he also alleges is withheld from him by F. O. Hutto.

The matter was heard by Hon. M. M. Mann, Judge of the first circuit, who made a decree on the 28th day of May, 1938, by which he directed the sheriff of Calhoun County to put the petitioner, B. M. Keller, in possession of the premises involved in this proceeding. From this order F. O. Hutto appeals upon five exceptions, which the appellant elects to argue as involving two questions, viz.:

1. Could this case be properly decided upon the pleadings, without the determination of issues of fact made by the petition of respondent and the return of the appellant?

2. Was a jury the proper fact-finding agency for the determination of these issues?

Judge Mann has written a strong decree, with which we are entirely in accord, but in view of the earnestness with which appellant has presented his appeal, it may not be amiss for us to say:

This proceeding is brought in the original case in which F. O. Hutto was a party and is the proper way, as in the nature of a writ of assistance, to put the petitioner in possession of the land, which he purchased at the sale for partition. The authorities fully sustain the circuit decree in this respect.

It is vigorously argued that the title to real estate is ██ ██ involved, and that it was error not to refer the issue to the determination of a jury.

There is no doubt that when the title to real estate comes in issue, that issue must be tried by a jury. Section 593 of the Code of 1932 so provides, but in our opinion the question of title is not involved in this proceeding.

Several years before this matter arose, S. P. Hutto and F. O. Hutto had bought certain tracts of land, and united them with a common boundary of Halfway Swamp in Calhoun County. The county was preparing to improve the highway running through the swamp. It threw up a large causeway, which impounded the waters on its upper side, causing an artificial pond, and built a concrete bridge with a spillway therein. This changed the run of the creek from its old location for a short distance, and placed it further to the east. S. P. Hutto and F. O. Hutto not only acquiesced in and consented to this change in the run of the creek, but actively participated therein by paying to the county five hundred dollars in part payment of the expenses of the work which made the change in the run of the creek.

As we understand it, the land which petitioner contends is contained in that bought by him at the sale for partition, lies between the old run of the creek and the new run. F. O. Hutto has fenced this in and taken possession of it, thereby keeping B. M. Keller, petitioner, from access to the waters of the creek.

It is contended for Hutto that it was the intention of S. P. Hutto and himself that this change in the run of the creek should not change the boundaries of their lands. There is nothing in the record to evince this intention of the Huttos, except the statement of F. O. Hutto, whereas there is the physical fact of the participation of the Huttos in the cost and expense of the improvements which changed the boundary by changing the run of the creek. It would be dangerous to say that such statement by F. O. Hutto of their intention is to prevail over this physical fact. S. P.

Hutto is dead; when F. O. Hutto dies who will prove that such was the intention of the Huttos? The law will presume from their actions that the Huttos intended that the boundaries of the land should change with the change of the run of the creek.

This is not a matter of uncertain boundary lines to be shown by surveys and plats and parol testimony. Everyone knows where the old run of the creek was and where the new run is. Everyone knows that the land in dispute lies between them. The deeds of Keller and Hutto to the lands purchased by them at the partition sale contain descriptions of their lands. It was possible, and entirely proper for the trial Judge to determine by the pleadings which of the runs of the creek was the true boundary. The title to the land is not in dispute.

Let the order of Judge Mann be published.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.