15540

NELSON *ET AL.* v. BOSTON

(25 S. E. (2d), 740)

January, 1943.

*Mr. L. D. Jennings,* of Sumter, S. C., Counsel for Appellant,

*Mr. L. E. Purdy,* Sumter, S. C., Counsel for Respondents,

May 10, 1943.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous opinion of the Court:

The defendant is appealing from a general order of reference. The contention made is that the action as brought is for the recovery of specific real property, and hence the defendant is entitled to a jury trial. It was held by the lower Court that the cause was of purely equitable cognizance, and upon this ground all issues of law and fact were referred to the Master in Equity. We think there can be no doubt about the propriety of this action.

The pleadings clearly present a suit in equity. It is alleged in the complaint that the plaintiffs and the defendant are vested with title to the tract of land in question as tenants in common; that in view of the fact that the defendant was the only one of the parties in interest who lived in the neighborhood of the common property, he was placed in charge of the land by the plaintiffs as their agent, with the understanding and agreement that he would preserve and protect it for the benefit of himself and his cotenants, and that as rent for the use of the undivided interest owned by the plaintiffs he would pay the taxes on the land as they fell due; it being

further agreed that the defendant might farm the entire tract of land himself if he so desired; that the defendant under this agreement planted the land and used it for farming purposes; but that in order to cheat and defraud the plaintiffs of their interests, he failed to pay the taxes, and thereby brought about a sale of the property for delinquent taxes; that in furtherance of his fraudulent scheme, he obtained a deed of conveyance thereof from the Forfeited Land Commission, under date of February 7, 1940, which deed he duly recorded. In addition to these allegations, other acts and conduct of the defendant are set forth tending to show a fraudulent design on the part of the defendant to cheat and defraud the plaintiffs in disregard and violation of the alleged trust relationship.

The prayer of the complaint is that the land owned by the plaintiffs and the defendant as cotenants, which passed to the defendant by the tax deed referred to, be impressed with a trust in favor of the parties in the proportions alleged to be owned by them, and that it be decreed that the defendant acquired under the deed no greater interest than that which he owned as a tenant in common prior to the sale and conveyance. The plaintiffs also prayed for a partition of the lands in accordance with the respective interests of the parties.

The defendant pleaded, first, a general denial; and second, alleged that he was the owner of the land described in the complaint under the deed made to him by the Forfeited Land Commission of Sumter County, under date of February 7, 1940, following the delinquent tax sale, and duly recorded on the same day in the office of the Clerk of Court.

Section 653 of the 1942 Code provides for a compulsory order of reference, in the discretion of the Court, of all equitable actions, with the important qualification that the section "shall not be construed so as to deprive any party of a trial by jury of any case or issue upon which he is entitled to a trial by jury as a matter of right under the present prac-

tice." Section 593 of the 1942 Code requires a jury trial, unless waived, in an action for the recovery of specific real property. *Aiken Mortgage Co. v. Jones,* 197 S. C., 245. 15 S. E. (2d), 119.

Under the foregoing provisions of the Code, the defendant contends that the case at bar is an action for the recovery of specific real property, and that having entered a general denial and having set up independent paramount title, he is entitled to a trial by jury.

■ The law undoubtedly is that when the defendant's answer raises an issue of paramount title to land, such as would, if established, defeat plaintiff's action, it is the duty of the Court to submit to a jury the issue of title as raised by the pleadings. *Whetstone v. Dreher.* 138 S. C., 169, 136 S. E., 209; *Windham v. Howell,* 78 S. C., 187, 59 S. E., 852. And see the many supporting cases cited in the last mentioned case.

We do not consider, however, that the defendant has by his defense set up an independent paramount title. Although he denies the allegations of the complaint, he claims title under the identical deed which the plaintiffs seek in effect to destroy on the ground of fraud; because the prayer of the complaint, in harmony with the allegations thereof, is to the effect that the defendant be held to take no greater interest in the land than that which he owned as a cotenant prior to the sale and conveyance to him. See *Whetstone v. Dreher, supra.*

It was held in *Sale v. Meggett,* 25 S. C., 72, in accordance with the foregoing authorities, that where the defendant in an equity case sets up title to land, the subject of the action which title, if sustained, would defeat the action, he is entitled to a trial by jury of his claim or title; but if the title asserted be not paramount to the title alleged in the complaint, but only incidental thereto, it may be adjudicated by the Judge.

In *Welborn v. Cobb,* 92 S. C., 384, 75 S. E., 691, 693, this Court held, with reference to the right of trial by jury, that "where a defendant sets up, as a defense to an equitable cause of action, facts which grow out of that cause of action, or the transaction which gave rise to it, and are so interwoven with it as to be inseparable from it, the defense partakes of the nature of the cause of action and is equitable, and not triable by jury, as of right." And to the same effect is *McLaurin v. Hodges,* 43 S. C., 187, 20 S. E., 991.

The defendant relies upon the case of *Capell v. Moses,* 36 S. C., 559, 15 S. E., 711. But we do not think this case supports his contention. In *McLaurin v. Hodges, supra,* the Court had this to say with reference to *Capell v. Moses, supra:* "In the case of *Capell v. Moses, supra,* this court recognized the right of the defendant, Moses, to have his question of title tried before a jury, because it was no part of plaintiff's cause of action. If Moses had title, Capell had no equitable cause of action whatever. Not so, however, in the case at bar. The defenses set up by the defendant enter into the plaintiff's equitable cause of action part of the very tranaction." [43 S. C., 187, 20 S. E., 993.]

It cannot be said in the case at bar that the defendant's claim of title under the delinquent tax sale constitutes no part of the cause of action alleged by the plaintiff. The defense set up by the defendant is so inseparably connected with the facts alleged in the cause of action, that it partakes of the nature of the cause of action, and is equitable, and therefore not triable by jury as a matter of right. As pointed out, the defendant is claiming under the very deed which the plaintiffs, in effect, seek to cancel.

In our opinion, the lower Court committed no error in granting a general order of reference.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and CIRCUIT JUDGE PHILIP H. STOLL, ACTING ASSOCIATE JUSTICE, concur.