## 18938

G. W. BRYAN and Lynn S. Bryan, as Executors and Trustees of the Estate of J. E. Bryan, Sr., Kate Gillespie Cushman Ward, Elsie McCoy Cushman Warwick and Harold Gillespie Cushman, Jr., Appellants, v. William H. FREEMAN et al., Respondents.

(168 S. E. (2d) 793)

*Messrs. Howell v. Bellamy, Jr.,* of Myrtle Beach, and *H. T. Abbott,* of Conway, *for Appellants,*

*Messrs. J. Reuben Long* and *John C. Thompson,* of Conway, and *James P. Stevens, of Loris, for Respondents,*

July 10, 1969.

Moss, Chief Justice.

G. W. Bryan and Lynn S. Bryan, as executors and trustees of the estate of J. E. Bryan, Sr., et al., the appellants herein, instituted this action against William H. Freeman, et al., the respondents herein, pursuant to Section 10-2401 of the 1962 Code of Laws of South Carolina, to remove a cloud on and quiet title to land described generally as "Withers Swash", according to a map of "Withers Heights Section", Myrtle Beach, South Carolina, made by T. M. Jordan, Registered C. E., and dated June, 1945, and recorded in

the office of the Clerk of Court for Horry County, South Carolina, in Plat Book 25, at page 184.

The complaint alleges that the appellants are in possession of and have title to the foregoing land and that the respondents claim some right, title and interest in said property, which constitutes a cloud upon appellants' title. It is then alleged that the appellants are entitled to a decree declaring that the respondents have no right, title or claim of any nature whatsoever in and to the aforesaid property.

The respondents, by answers, pleaded a general denial and six other defenses, including the defense of paramount title to and possession of the land in question.

The question presented by this appeal is whether the action should be referred to the Master of Horry County for trial, pursuant to Section 10-2406 of the Code. The appellants so contend. It is the position of the respondents that an issue of title to real estate is raised by the pleadings and they have a right to a jury trial upon this issue. The trial judge sustained the position advocated by the respondents and this appeal is from such order.

An action to remove a cloud on and quiet title to land is one in equity. *Cathcart v. Jennings,* 137 S. C. 450, 135 S. E. 558. However, when the defendant's answer raises an issue of paramount title to land, such as would, if established, defeat plaintiff's action, it is the duty of the court to submit to a jury the issue of title as raised by the pleadings. *Windham v. Howell,* 78 S. C. 187, 59 S. E. 852; *Hutto v. Hutto,* 189 S. C. 26, 199 S. E. 909; *Nelson v. Boston,* 202 S. C. 517, 25 S. E. (2d) 740.

The issue of paramount title having been raised by the answers of the respondents, they were entitled to have this question determined by a jury. The trial judge was correct in so holding.

The exceptions of the appellants are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.