## 20115

William H. VAN EVERY, Jr., Appellant, v. CHINQUAPIN HOLLOW, INC., Respondent.

(219 S. E. (2d) 909)

*Messrs. Kenneth, Covington, Lobdell & Hickman,* of Charlotte, N. C., and *Acker, Acker and Orander,* of Pickens, *for Appellant,* cite:

*Messrs. Rentz, Anders & DeBerry,* of Columbia, and *Finley, Ponder and Warlick,* of Pickens, *for Respondent,* cite,

November 25, 1975.

GREGORY, Justice:

This appeal followed a denial of appellant's motion for a compulsory order of reference in a boundary dispute between appellant and respondent. Appellant prayed for the court to remove the cloud on his title caused by respondent's claims by finding that the Keith survey dated September 10, 1974 accurately fixed their common boundary line. Following the complaint, appellant moved before the court for an order of reference on the grounds that (1) boundary lines are basically an equity matter (2) a great number of technical matters involved would be too involved for jury determination and (3) the property is too rough for a jury to view. An amended complaint was filed and the motion for an order of reference was held in abeyance until the issues were joined by respondent's amended answer. Respondent claimed paramount title to the land in dispute under deeds and other plats and, in the alternative, by adverse possession.

The lower court considered the position of appellant that the case should be referred as a boundary dispute and the position of respondent that title to property was involved and that the case should be heard before a jury and concluded that the pleadings made an issue of title to real estate triable as a matter of right before a jury. We affirm.

The law applicable to this case is found in *Bryan v. Freeman*, 253 S. C. 50, 168 S. E. (2d) 793 (1969). There the action was one in equity to remove a cloud on and to quiet title to land, and the answers raised the issues, including the defense of paramount title to and possession of the land. The court affirmed the refusal of a reference in language directly applicable here:

"An action to remove a cloud on and quiet title to land is one in equity. *Cathcart v. Jennings*, 137 S. C. 450, 135 S. E. 558. However, when the defendant's answer raises an issue of paramount title to land, such as would, if established, defeat plaintiff's action, it is the duty of the court to submit to a jury the issue of title as raised by the pleadings. *Windham v. Howell*, 78 S. C. 187, 59 S. E. 852; *Hutto v. Hutto*, 189 S. C. 26, 199 S. E. 909; *Nelson v. Boston*, 202 S. C. 517, 26 S. E. (2d) 740.

"The issue of paramount title having been raised by the answers of the respondents, they were entitled to have this question determined by a jury. The trial judge was correct in so holding."

Although appellant in *Bryan*, supra, sought an order of reference under Section 10-2406 of the Code and appellant here contends in his brief that he is entitled to an order of reference under Sections 10-1402 and 10-1403 of the Code, the basic issues on appeal here are identical to that presented in *Bryan*, supra.

The appellant contends that it is error to place him on the law side of the court, based solely on the respondent's pleadings when the appellant's complaint

raises the equitable issue. He asserts that respondent's pleadings have no bearing or relevance in determining whether an order of reference should be made, theorizing that the complaint alone determines the character of the action if that character appears there with sufficient clearness. The issue of title to real estate can be raised by complaint *or by answer* and if it is so raised it must go to the jury (unless, of course, the entitled party waived that right). *Barnes v. Rodgers*, 54 S. C. 115, 31 S. E. 885 (1898); *Whetstone et al. v. Dreher et al.*, 138 S. C. 169, 183, 136 S. E. 209 (1925); *Sloan et al. v. Burnett et al.*, 149 S. C. 12, 146 S. E. 601 (1928).

Section 10-1051 of the South Carolina Code of Laws, 1962 provides that issues arise upon the pleadings when a fact or conclusion of law is maintained by one party and controverted by the other. An issue arises on the pleadings under this section when the question of title is raised is an action for the recovery of real property. *Walsh v. Evans*, 112 S. C. 131, 99 S. E. 546 (1919). Appellant alleges in his complaints that the boundary line fixed by the Keith plat and survey dated September 10, 1974 is the true and correct line between his land and that of respondent. By its answer, respondent expressly rejects the common boundary line run by the Keith survey and alleges that the survey by Hardin recorded January 3, 1902 and another by Associated Engineers and Surveyors, dated February 4, 1974 established the true dividing line. Respondent pleads paramount title under independent deeds and plats and, in the alternative, by adverse possession. There is clearly tendered by the pleadings the issue of title as to the lands lying between the disputed boundary lines. See *Cooper River Timber Co. v. Cone*, 181 S. C. 288, 187 S. E. 341 (1936).

The provisions of Section 10-1402 and 10-1403, supra, must be read in subordination to the provisions of the State Constitution securing the right to trial by jury. *De Walt v. Kinard*, 19 S. C. 286 (1883). Article I, Section 25 of the South Carolina Constitution provides: "The right of trial

by jury shall be preserved inviolate." In *State v. Gibbes,* 109 S. C. 135, 95 S. E. 346 (1918) it was explained that this guarantee referred to only those cases in which the parties were entitled to trial by jury under the law or practice existing at the time of the adoption of the Constitution. The great right to trial by jury has existed from time immemorial in the common law action to try title. *Frazee v. Beattie,* 26 S. C. 348, 2 S. E. 125 (1887).

The pleadings present an issue of title to land, such purely legal issue being guaranteed by the Constitution as a matter of right to trial by jury unless waived. *Capell v. Moses,* 36 S. C. 559, 561, 15 S. E. 711 (1891). The title suit necessarily involves the question of whether, as alleged by appellant, the Keith plat shows the true boundary line between his and respondent's land. Should the jury find for the appellant, then the equitable remedy of injunction would follow. Should they find in respondent's favor, there will be no equitable matter left to decide. When pleadings present both legal and equitable issues, those should be tried first that are likely to result in a final judgment and render unnecessary the consideration of the other issues. *Rush v. Thompson,* 203 S. C. 106, 111, 26 S. E. (2d) 411 (1942).

The foregoing conclusions control all the exceptions and require that they be overruled.

The judgment of the Circuit Court is affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.