23820

Barbara H. ROSENBAUM, Respondent v. S-M-S 32, a Georgia General Partnership, Appellant.

(427 S.E. (2d) 897)

Court of Appeals

*Mark H. Lund, III,* of *Novit & Scarminach, P.A.,* Hilton Head Island, *for appellant.*

*J. Ray Westmoreland,* Hilton Head Island, *for respondent.*

Heard May 18, 1992; Decided March 15, 1993.

Reh. Den. April 6, 1993.

FINNEY, Justice:

In this action to clear title, the circuit court struck from Appellant S-M-S 32's counterclaim, *inter alia,* the assertion of an Action of Trespass to Try Title and denied appellant's motion for a jury trial. We affirm.

Respondent Barbara H. Rosenbaum bought the subject real estate, a condominium formerly owned by the appellant, at a Beaufort County tax sale in October, 1989. In December of 1990, respondent instituted this action pursuant to S.C. Code Ann. § 12-61-10, *et seq.* (1976), seeking a declaration of clear title. *See* S.C. Code Ann. § 12-61-20 (1976).

Appellant answered by way of general denial and counterclaimed asserting a cause of action for trespass to try title, seeking damages for trespass following its alleged unlawful ouster, and demanded a jury trial. Appellant's counterclaim was based on its contention that the failure of the Beaufort County taxing authorities to follow proper procedures for the levy and sale renders respondent's tax deed invalid.

The circuit judge struck appellant's counterclaim and denied its motion for a jury trial holding that, in an action to set aside a tax deed under Section 12-61-10, *et seq.* a defendant

cannot "earn" the right to a jury trial by asserting a counterclaim for trespass to try title.

On appeal, the appellant alleges the circuit court erred in striking its counterclaim, thereby depriving appellant of its right to a jury trial, recoupment of damages, recovery of possession and clear title to its real property. Appellant argues that its counterclaim did not merely seek cancellation of the tax deed but asserted an action for trespass to try title, an action at law. Citing the holding of this Court in *Johnson v. South Carolina Nat'l Bank*, 292 S.C. 51, 354 S.E. (2d) 895 (1987), appellant contends it is entitled to a jury trial on a counterclaim that is legal in nature.

At issue in *Johnson v. SCN, supra*, was the rescission of a guaranty agreement on the ground of fraud. The plaintiffs sought money damages in causes of action for outrage, invasion of legal rights and breach of fiduciary duty. Pursuant to a defense motion requiring them to elect to proceed "in equity or at law," the plaintiffs elected to proceed on the equitable theory of rescission. The trail judge permitted the remaining causes of action to be maintained in the same complaint and granted a defense motion to transfer the case to the non-jury roster. In summarizing the analysis to determine the appropriate procedure governing such cases, the *Johnson* court held:

> If the complaint is equitable and the counterclaim legal and compulsory, the Plaintiff or the Defendant has a right to a jury trial on the counterclaim.

*Id.*, 354 S.E. (2d) at 897.

An action to clear title to real property is an action in equity. *Van Every v. Chinquapin Hollow, Inc.*, 265 S.C. 474, 219 S.E. (2d) 909 (1975); *Bryan v. Freeman*, 253 S.C. 50, 168 S.E. (2d) 793 (1969). Trespass to try title involves a determination of title to real property and the resulting rightful possession of such property. Whereas, in a suit for trespass, the focus of the action is the rightful possession of the property at issue. *Little v. Little*, 223 S.C. 332, 75 S.E. (2d) 871 (1953).

It is to be noted in the case under consideration that the respondents were proceeding under a specific remedy created by the legislature. Section 12-61-10 provides in pertinent part:

. . . [A]ny . . . person . . . which has purchased at or acquired through a tax sale and obtained title to any real or personal property, may bring an action in the Court of Common Pleas of such county for the purpose of barring all other claims thereto.

The procedure to be followed in a suit to clear tax title is promulgated in Section 12-61-20, which provides that "[s]uch action shall be commenced, conducted and concluded by decree as are similar actions in such court . . ."

The elementary and cardinal rule of statutory construction is that courts must ascertain and effectuate actual intent of the legislature. *Horn v. Davis Electrical Constructors, Inc.,* — S.C. —, 416 S.E. (2d) 634, *reh'g denied* (1992). The statute as a whole must receive practical, reasonable and fair interpretation consonant with the purpose, design and policy of lawmakers. *Browning v. Hartvigsen,* — S.C. —, 414 S.E. (2d) 115 (1992).

In our view, the legislative intent supporting S.C. Code Ann. Chapter 61 (1976) is that purchasers of property at tax sales in South Carolina be provided an efficient, unencumbered method of clearing those titles. Moreover, the issue of construction is addressed thusly: "This chapter shall be liberally construed to the end that it shall afford a complete remedy to any plaintiff claiming property by forfeiture . . ." S.C. Code Ann. § 12-61-60 (1976).

Considering the unique circumstances existing in a tax forfeiture acquisition, and the prevailing statutory provisions governing suits to clear tax titles, we conclude that the appellant may not evade the intent of the legislature and obtain the right to a jury trial by interposing a counterclaim designed to thwart the reasonable and practical implication of Chapter 61.

Accordingly, we affirm the order of the circuit court denying appellant's motion to transfer this case to the jury roster and striking from the counterclaim appellant's allegations of trespass and the prayer for damages.

Affirmed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.