543 S.E.2d 278

**R. Phil ROOF, Appellant,**

v.

**Arthur M. SWANSON, Mason R. Chrisman, Charles R. Jackson, La Vonne N. Phillips, Jerry Shearer, W. Carlyle Blakeney, R. Lee Burrows, Jr., and Joseph P. Griffith, Jr., Respondents.**

No. 3305.

Court of Appeals of South Carolina.

Heard Dec. 11, 2000.

Decided Feb. 26, 2001.

Gerald M. Finkel, Howard S. Sheftman, both of Finkel & Altman, of Columbia; and Robert E. Culver, of Charleston, for appellant.

Carl B. Epps, III, and Laura Callaway Hart, both of Nelson, Mullins, Riley & Scarborough, of Columbia, for respondents.

GOOLSBY, Judge:

In this shareholder action for breach of fiduciary duty, R. Phil Roof appeals the grant of summary judgment to Arthur Swanson, Mason Chrisman, Charles Jackson, La Vonne Phillips, Jerry Shearer, Carlyle Blakeney, R. Lee Burrows, Jr., and Joseph P. Griffith, Jr., all of whom are former members of ComSouth's Board of Directors. The trial court found Roof's action was barred by the statute of limitations. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

In July 1988, ComSouth Bankshares, Inc. (ComSouth) began operations as a bank holding company with the opening of its wholly-owned subsidiary, the Bank of Columbia. In April 1990, ComSouth opened its second bank and wholly-owned subsidiary, the Bank of Charleston. Between December 1991 and July 1992, representatives from both the National Bank of South Carolina (NBSC) and Carolina First Corporation held negotiations with the respondents, who were then members of the ComSouth board of Directors, in an attempt to acquire ComSouth.

At the time of the negotiations, Roof was a ComSouth shareholder. On July 30, 1997, he commenced this action against the respondents, alleging the Board's failure to immediately disclose the existence and the substance of the negotiations to shareholders constituted a breach of fiduciary duty and a violation of S.C.Code Ann. section 35–1–1210 (1987). Roof further alleged the acquisition offers would have greatly increased the value of ComSouth's shares and the Board rejected the offers in an attempt to purchase the stock at depressed prices from existing shareholders.

Prior to the commencement of Roof's individual action, Roof was a member of a prospective class action filed by fellow ComSouth shareholder, Carl Almond. Almond filed the class action against the ComSouth Board on January 17, 1994, alleging the same breaches of duty involved in this case. By order dated October 9, 1996, Judge Casey Manning denied Almond's motion for class certification.

The respondents answered Roof's complaint and moved for summary judgment on several grounds, including that the

claim was untimely under the applicable statute of limitations.[1] At a hearing on the motion, Roof withdrew his securities fraud claim under section 35–1–1210 and proceeded solely on the alleged breach of fiduciary duty. The parties stipulated that Roof's cause of action accrued on July 28, 1992, the date the Board ceased any sale or merger discussions with NBSC and Carolina First. Judge Jackson V. Gregory found Roof's action was barred by the statute of limitations and granted summary judgment to the respondents. This appeal followed.

## ISSUE

The sole issue presented in this appeal is whether S.C.Code Ann. section 33–8–300(e) bars a cause of action brought within three years of accrual when the plaintiff had knowledge of the breach more than two years prior to the commencement of the action.

## STANDARD OF REVIEW

■ Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[2] In determining whether any triable issue of fact exists, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party.[3]

## LAW/ANALYSIS

Section 33–8–300(e) provides:

An action against a director for failure to perform the duties imposed by this section must be commenced within three years after the cause of action has accrued, or within two years after the time when the cause of action is discovered, or should reasonably have been discovered, whichever soon-

---

1.  S.C.Code Ann. § 33–8–300(e) (1990).

2.  *Baird v. Charleston County*, 333 S.C. 519, 511 S.E.2d 69 (1999); *Young v. South Carolina Dep't of Corrections*, 333 S.C. 714, 511 S.E.2d 413 (Ct.App.1999); Rule 56(c), SCRCP.

3.  *Young*, 333 S.C. at 717–18, 511 S.E.2d at 415.

er occurs. This limitations period does not apply to breaches of duty which have been concealed fraudulently.[4]

As we noted above, the parties stipulated that the cause of action accrued on July 28, 1992. Roof, however, did not file this action until July 27, 1997, and service was not effected until on or after August 15, 1997. Roof argues the statute of limitations was tolled during the thirty-three months that the Almond class action was pending and, as a result, only twenty-seven months was charged against the statute.

Whether a statute of limitations is tolled during the pendency of a class action is an issue of first impression in South Carolina. We, however, deem it unnecessary to address the issue in the present case because even assuming Roof's method of calculation is correct, he failed to commence his action within two years of his discovery of the breach.

■ On appeal, Roof contends the statute provides for a minimum rather than maximum three-year limitations period. He argues that the phrase "whichever sooner occurs" refers to the distinction between actual and constructive notice of the breach, rather than the expiration of the two and three-year periods. He, therefore, posits that the "discovery provision" can operate only to increase the three-year period. We disagree.

■ "In construing a statute, its words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation."[5] Furthermore, "[t]he statute as a whole must receive practical, reasonable, and fair interpretation consonant with the purpose, design and policy of lawmakers."[6]

The discovery provision of section 33–8–300(e)—"when the cause of action is discovered or reasonably should have been discovered"—provides that the two-year limitations period is triggered by either the actual or the constructive discovery of

---

**4.** S.C.Code Ann. § 33–8–300(e) (1990).

**5.** *City of Camden v. Brassell,* 326 S.C. 556, 561, 486 S.E.2d 492, 495 (Ct.App.1997).

**6.** *Rosenbaum v. S–M–S 32,* 311 S.C. 140, 143, 427 S.E.2d 897, 898 (1993).

a breach. Implicit in the provision is the notion that either event, without regard to which occurs first, is sufficient to start the two-year limitation running.

Moreover, we believe that, if the General Assembly had wished to provide for a minimum limitations period of three years, it would have used language similar to that found in section 15–3–545(B).[7] That statute, which provides for a limitations period for cases in which a foreign object is left inside a patient after surgery, states in pertinent part:

> The action must be commenced within two years from date of discovery or when it reasonably ought to have been discovered; provided, that, *in no event shall there be a limitation on the commencement of the action less than three years after the placement or leaving of the appliance or apparatus.*[8]

Unlike the language used above, section 33–8–300(e) provides for alternative limitations periods running from either the date of accrual or the date of discovery.

■ Absent fraudulent concealment, the three-year period establishes the maximum amount of time available to a plaintiff to bring a claim under the statute. It applies in all cases where the plaintiff discovers his cause of action more than one year but less than three years after accrual.

Roof also argues that, at the very least, the statute is ambiguous and, as such, it must be construed against the party seeking to use it to bar the claim. He contends that where there is any doubt as to which limitations period should apply, the conflict must be resolved in favor of the longer period.[9] We find this argument unavailing.

■ "If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for

---

7. S.C.Code Ann. § 15–3–545(B) (2000 Supp.).

8. *Id.* (emphasis added).

9. *See Scovill v. Johnson*, 190 S.C. 457, 461, 3 S.E.2d 543, 545 (1939) (quoting *Payne v. Ostrus*, 50 F.2d 1039, 1042 (8th Cir.1931), "[I]f substantial doubt exists, the longer, rather than the shorter, period of limitation is to be preferred...").

employing rules of statutory interpretation and the court has no right to look for or impose another meaning." [10]

We hold that section 33–8–300(e) requires a plaintiff to commence suit within either: (1) three years after the cause of action accrues; or (2) two years after the date the plaintiff discovers or reasonably should discover the breach. Whichever period occurs or expires first controls.

Because Roof stipulates that twenty-seven months expired between the date of discovery and the date he commenced this action, his claim is untimely and barred by the statute of limitations.

**AFFIRMED.**

CURETON and CONNOR, JJ., concur.

---

**10.** *Paschal v. State Election Comm'n,* 317 S.C. 434, 436, 454 S.E.2d 890, 892 (1995).