**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Patrick J. Williams, Frank J. Wallmeyer, and Mary B. Wallmeyer, Respondents,

v.

F. Carlisle Smith and First Citizens Bank and Trust Company, Inc., Defendants,

Of Whom F. Carlisle Smith is the Appellant.

Appellate Case No. 2014-000204

———————————

Appeal From Orangeburg County
Richard B. Ness, Special Referee

———————————

Unpublished Opinion No. 2015-UP-431
Heard May 14, 2015 – Filed August 19, 2015

———————————

**AFFIRMED**

———————————

Louis H. Lang, of Callison Tighe & Robinson, LLC, of Columbia, for Appellant.

Curtis W. Dowling and Matthew Gregory Gerrald, both of Barnes, Alford, Stork & Johnson, LLP, of Columbia; and Gregory G. Williams, of Gregory G. Williams, Attorney, LLC, of Columbia, for Respondents.

**PER CURIAM:** F. Carlisle Smith appeals the special referee's order determining the boundary between Smith's property and property owned by Patrick J. Williams, Frank J. Wallmeyer, and Mary B. Wallmeyer. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Bodiford v. Spanish Oak Farms, Inc.*, 317 S.C. 539, 544, 455 S.E.2d 194, 197 (Ct. App. 1995) ("A boundary dispute is an action at law, and the location of a disputed boundary line is a question of fact." (citation omitted)); *Uxbridge Co. v. Poppenheim*, 135 S.C. 26, 31, 133 S.E. 461, 462 (1926) (noting "[a] mere confusion of boundaries of land is not sufficient to give a court of equity jurisdiction," but finding appellant was entitled to equitable relief because appellant's only possibly remedy was through a court in equity); *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) ("In an action at law, on appeal of a case tried without a jury, the findings of fact of the [special referee] will not be disturbed upon appeal unless found to be without evidence which reasonably supports the [special referee's] findings."); *Danley Williams v. Moore*, 400 S.C. 90, 102, 733 S.E.2d 224, 230 (Ct. App. 2012) ("Questions regarding credibility and weight of evidence are exclusively for the [special referee]."); *Bodiford*, 317 S.C. at 543 n.1, 455 S.E.2d at 197 n.1 ("When determining boundaries, resort is generally had first to natural boundaries, next to artificial monuments, then to adjacent boundaries, and last to courses and distances."); *id.* at 543-44 n.1, 455 S.E.2d at 197 n.1 (explaining this rule "indicates the weight generally given to each type of evidence of location" and "does not provide an order of admissibility, such that evidence of artificial boundaries is admissible only if there is no evidence of natural boundaries" (citation omitted)); *State v. Hardee*, 259 S.C. 535, 539, 193 S.E.2d 497, 499 (1972) ("When a body of land is bounded by a non[-]navigable stream, the general rule is that the boundary line is the middle of the stream . . . ."); *Ex parte Keller*, 189 S.C. 26, 35, 199 S.E. 909, 913 (1938) ("[A] change in the location of a stream or way that is a boundary between adjacent owners does not change the location of the boundary . . . ."); *id.* at 34, 199 S.E. at 913 ("Under the law of this State, where a swamp is given as a boundary, unless a contrary intention is clearly disclosed, the center of the run of the creek of the swamp is the boundary line, and not the margin of the swamp area."); *Bodiford*, 317 S.C. at 544, 455 S.E.2d at 197 (noting "[n]ot every action involving disputed property is in the nature of a trespass to try title" and finding the trial court properly treated an action as a boundary dispute rather than trespass to try title when the main issue in the action was the location of the boundary line between the parties' properties).

**AFFIRMED.**

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**