The opinion of the Court was delivered by
Johnstone, J.
The objection taken in the first ground of appeal, to the proof of the will of David Coalter, does not appear to be valid.
*75 Our rule is not to go out of the report of the Circuit Judge for the facts of the case. The report is, that the original will is in Missouri, where the testator died, and that a copy, “ duly and regularly exemplified,” was received in evidence.
But were we to- go beyond the report, and consider the exemplification produced before us as identical with the one offered on the trial, we are still of opinion that it was properly received.
Considering the proceedings in the Court of Missouri, by which the will was established and admitted to probate, as judicial proceedings, the only defect in the exemplification which has been suggested is, that the certificate of the Clerk of that Court is not indorsed by the certificate of the presiding Judge of the Court to the fact that the former was the Clerk. It appears, however, that the person attesting as Clerk was also the presiding Judge ; and he certifies for himself. This appears to us to be a sufficient compliance with the Act of Congress of 1790,(a) especially when further backed by the certificate of the Governor to his official character.
If we regard the will in the light of a record lodged in an office in Missouri, apart from its connexion with the judicial proceedings which were had upon it, the attestation of the keeper of the record, with the further attestation of the Governor to his official character, both of which appear in this exemplification, is in conformity with the Act of Congress of 1804(b) in such cases.
We have also an Act of our own, passed in 1823,(c) which provides that, after the notice therein prescribed, exemplifications of wills, under the hand of the Ordinary and the seal of the Court in which such will may have been admitted to probate, or under the hand and seal of any other officer who *76 has legal possession, of the same, shall be admissible evidence in all Courts of law and equity in this State, whether the same may regard the title to real or personal property. It appears here that, after the statutory notice, an exemplification from the Ordinary of this district was given in evidence, showing that a copy of the will of Ooalter was established before him, and probate granted. My individual opinion is, that this was sufficient evidence of the will on the trial.
With respect to the other grounds of appeal, it is hardly necessary to notice them. If a party is in possession of a deed and refuses to produce it, the other party is at liberty to prove its contents by secondary evidence, being the best •evidence he can give ; and if his proof consists of an office copy, it has the merit of being more certain than oral evidence. And as to the uncertainty of the lands covered by the deeds, id certum est, quod cerium reddi potest. The jury have, by their verdict, affirmed, that the land claimed by the plaintiff is covered.by the deed under which he claimed it. The deed is sufficiently certain to be located, and has been located.
It is ordered that the motions be dismissed.
O’Neall, C. J., and Wardlaw, J., concurred.

Motions dismissed.

 1 Brev. Dig. 317, Sec. 11.

 1 Brev. Dig. 320, § 22.

 6 Stat. 209.