*S. F. Memory* and *J. H. Thomas,* contra.

HIGHTOWER *v.* BLAKELY HARDWOOD LUMBER COMPANY *et al.*

ATKINSON, J.    1. In *DeVore* v. *Baxter,* 155 *Ga.* 109 (3) (116 S. E. 610), that being an equitable action based on a petition and answer, it was held: "The general rule is that estoppel, to be relied on, must be pleaded. Estoppel was not pleaded by the defendant; and it was error for the court, in directing a verdict for the defendant, to do so upon the ground that the plaintiffs were estopped from bringing and maintaining the suit." The foregoing general rule was recognized in *Askew* v. *Amos,* 147 *Ga.* 613 (95 S. E. 5). That case, involving a statutory claim, was held to be an exception to the general rule. Under application of the foregoing general rule, the case now under consideration being an equitable action to enjoin the cutting of timber, in which there was a petition and answer but no special plea alleging an equitable estoppel as against the plaintiff, whether or not the evidence upon estoppel, which was admitted without objection, was sufficient to conclusively show grounds for estoppel, there being no special plea or allegation in the answer alleging an estoppel, the judge was not authorized to direct a verdict for the defendants on the ground of estoppel.

2. The instant case is an equitable action to enjoin the cutting of timber on that part of lot number 143 in the 6th district of Early County which lies west of Spring Creek. The evidence for the plaintiff was sufficient prima facie to show a prescriptive title to the land by a predecessor in title acquired prior to the year 1901, based on seven years adverse possession under an unrecorded deed, and to connect himself with such predecessor. The evidence for the defendants showed a duly recorded deed to their predecessor in title (with whom they connected themselves) to the whole of said lot number 143, which was executed in 1901, and continuous possession by said predecessor under such deed for more than seven years and up to the filing of the suit, by actual enclosures and

Adverse Possession, 2 C. J. p. 256, n. 94.
Deeds, 18 C. J. p. 161, n. 22; p. 180, n. 90.
Estoppel, 21 C. J. p. 1242, n. 92; p. 1253, n. 2 New.

cultivation of a considerable part of that part of the lot which was on the east side of Spring Creek. The evidence also tended to show that the plaintiff's predecessor executed a deed on December 7, 1900, purporting to convey the land to the plaintiff and a cotenant, which was duly recorded, the descriptive clause of which described several named tracts of land, following the last of which were the words, "also any and all other lots owned by me anywhere not herein enumerated." In connection with this deed the plaintiff introduced the unrecorded deed to said grantor, which was shown to have been in possession of the said grantor, and which purported to convey "all that part of lot of land No. 143 in the 6th district of Early County lying on the west side of Spring Creek, containing 125 acres, more or less." The plaintiff also introduced evidence tending to show continuous possession of the land in dispute by his cotenant and himself, under the deed to them above mentioned, until 1918, at which time the plaintiff became a purchaser of the undivided interest of his cotenant, and thereafter continuous possession of the land in his own right. The possession of the plaintiff and his predecessors during the whole time was evidenced by enclosures and cultivation of a part of the land on the west side of Spring Creek, estimated to contain from 10 to 20 acres. At the time of taking from their grantor their deed executed in 1900, the plaintiff and his cotenant did not actually know of the existence of the unrecorded deed to their grantor, nor did they actually know of its existence until 1918, at which time an incident occurred which caused them to search for the deed into their grantor, when it was discovered among the papers that were held by plaintiff's cotenant. During the years intervening between 1900 and 1918 the plaintiff and his cotenant did not know that they had title to the property, and their possession during said years was merely a continuance of the possession which had been commenced by their predecessor, without reference to any of the deeds as color of title. *Held*, that the deed to the plaintiff and his cotenant, considered in connection with the unrecorded deed to their grantor, was sufficiently definite in the matter of the description of the property to constitute a valid conveyance of whatever title the grantor had in the land. *Crider* v. *Woodward*, 162 *Ga.* 743 (135 S. E. 95). In *Mitchell* v. *Crummey*, 134 *Ga.* 383 (4) (67 S. E. 1042), it was held: "Where title to land has been acquired by seven years' adverse possession under color of title, such title will not be lost by the holder thereof by abandonment of possession."

(*a*) If the plaintiff's predecessor in title acquired a prescriptive title to the land by seven years adverse possession under color of title prior to the year 1900, such title would not be defeated by subsequent abandonment of possession.

(*b*) Even if the possession of the plaintiff and his cotenant was not a possession that would support a prescriptive title, they as grantees would succeed to the prescriptive title acquired by their grantor.

3. The court erred in directing a verdict for the defendants.

*Judgment reversed. All the Justices concur.*

No. 5339. FEBRUARY 18, 1927. REHEARING DENIED FEBRUARY 25, 1927.

Equitable petition. Before Judge Yeomans. Early superior court. February 22, 1926.

*George H. Perry,* for plaintiff.

*A. H. Gray* and *Milner & Farkas,* for defendants.