## HIGHTOWER v. KEATON.

No. 6281. SEPTEMBER 18, 1928.

H. A. *Wilkinson* and *George H. Perry*, for plaintiff.

A. H. *Gray*, for defendant.

RUSSELL, C. J.   There was no error in the rulings upon the admissibility of evidence, in·the charge of the court, or in the refusal to instruct the jury as requested, which requires the grant

of a new trial in this case. Since the plaintiff must recover, if at all, by the preponderance of the testimony in his favor, and in a suit to recover land must recover upon the strength of his own title, the evidence fully authorized the verdict in favor of the defendant; and since it is never error requiring the grant of a new trial to refuse to direct a verdict, the court did not err in overruling the motion for a new trial.

It was not erroneous to admit the evidence of the defendant that he sold the timber on the lands in question, over the objection that the evidence was illegal, because such a sale must be in writing and the writing would be the highest evidence, and because said evidence was a self-serving declaration; as the court defined the purpose of the evidence by expressly ruling that this testimony could not be used to assert title, but merely as evidence of the witness's exercising control, and for the purpose of showing his acts and doings in undertaking to exercise control over it.

The court, over the objection of movant, admitted the testimony of the defendant that "I insist my father, G. W. Keaton, was in possession of the whole lot 143, on account of the deed he had to it." The movant objected to the admission of said evidence, upon the ground "that the same is illegal, and the deed itself would be the highest evidence." The testimony was elicited by the plaintiff in cross-examining the defendant, and therefore he was not in a position to demand that the evidence be withdrawn.

The court did not err in admitting in evidence the deed from P. H. Keaton to the defendant W. W. Keaton, dated March 26, 1901, purporting to convey lot of land 143 in the 6th district of Early County, Georgia, over the objection "that the same was illegal and inadmissible, for the reason that it appeared that P. H. Keaton, the grantor in said deed, is a stranger to the title to the lands in dispute, had no title thereto, and was not in possession of the land to be conveyed at the time of the execution and delivery of said deed, or prior thereto." It is the right of a defendant in ejectment or complaint for land to establish a prescriptive title by showing twenty years adverse possession, or seven years adverse possession under a recorded deed; and where as in this case the defendant claimed a prescriptive title by more than twenty years possession under his deed from P. H. Keaton, in the absence of any evidence that his title originated in fraud, the evidence would

establish a right of constructive possession to all of land lot 143.

The court did not err in excluding certain documentary evidence concerning the partition of the estate of B. W. Keaton, deceased, upon timely objection that the purported return had not been made the judgment of the court of ordinary, nor did it appear what portion of lot number 143 the appraisers were undertaking to set aside, as well as other objections. Furthermore, this return was wholly irrelevant to the issue, for the reasons stated in the preceding paragraph.

Requests for instructions which specifically refer concretely to the facts and issues in the case on trial must be presumed to be more helpful to a jury in their consideration of a legal proposition than mere statements of abstract legal principles, and should therefore be given when the legal principles stated are properly adjusted to the evidence and such principles are pertinent to the issues in the case. But the trial judge is not required to present theories not adjusted to the evidence, or where any portion of the request is unsupported by evidence. Nor is the court required to correct or amend in any respect imperfect requests for instructions. Applying the foregoing rules, the court did not err in refusing the requests for instructions of which complaint is made in the fifth ground of the amendment to the motion for a new trial.

It is never error requiring the grant of a new trial to refuse to instruct the jury to find a directed verdict.

It appearing from the evidence that A. M. Hightower, the predecessor in title of the plaintiff in error, in conveying the land in dispute to his nephew and niece, did not follow the description in the Herrington deed, but instead referred to it (after having specifically described several other tracts of land embraced in the same conveyance) as "also any and all other lands owned by me, not herein enumerated," and further, that he never mentioned his ownership of any portion of lot 143 or his possession of the Herrington deed to his nephew, his grantee, and that for this reason the plaintiff in error had no knowledge of the execution or existence of the Herrington deed until 1918, and it further appearing that the grantor of the plaintiff in error paid no taxes upon any portion of lot 143 from the year 1884 until his death in 1901, and that the plaintiff in error paid no taxes thereon until after the dis-

covery of the Herrington deed in 1918, the jury was authorized to find for the defendant on the ground that the possession of the plaintiff and his predecessors in title was not in good faith or based upon bona fide ownership.

*Judgment affirmed. All the Justices concur, except*

ATKINSON and HINES, JJ., dissenting. Hightower instituted an action against Blakely Hardwood Lumber Company, to enjoin the cutting of timber on that part of lot 143, in the sixth district of Early County, which lies west of Spring Creek. The defendant named in that suit was the lessee of Keaton. *Hightower* v. *Blakely Hardwood Lumber Co.,* 163 *Ga.* 776 (137 S. E. 22). The present action is complaint for land, instituted by Hightower against Keaton directly, to recover the same tract of land on which the timber was located that was involved in the suit above referred to.

1. If at the time of his entry under color of title a possessor's mind is free from fraud and he honestly believes that he has the right to the land, prescription begins to run in his favor, and is not suspended by any subsequent discovery on his part that his title is defective. *Bower* v. *Cohen,* 126 *Ga.* 35 (54 S. E. 918); Powell on Actions for Land, § 328. When a possessor of land enters openly and holds his possession publicly under color of title, and there is nothing in the transaction to warrant an inference to the contrary, the law presumes good faith. *Hall* v. *Gay,* 68 *Ga.* 442. The evidence for the plaintiff in this case showed that A. M. Hightower had been in possession of the land in dispute, under an unrecorded deed as color of title, from 1861 to 1900, when he conveyed the same to the plaintiff, J. A. Hightower, and his sister, Mrs. Sirmons; that plaintiff and his sister remained in possession until 1918, when he acquired her interest; and that plaintiff has been in possession ever since. This evidence was sufficient, prima facie, to show prescriptive title to the land in A. M. Hightower, based on seven years adverse possession under color of title. A. M. Hightower conveyed this title to the plaintiff and his sister in 1900; and the sister conveyed her interest in the premises in dispute to the plaintiff, J. A. Hightower, in 1918. This being so, the plaintiff, prima facie, made a case entitling him to recover the land in dispute. *Hightower* v. *Blakely Hardwood Lumber Co.,* supra.

2. The circumstances to the effect that the deed under which

A. M. Hightower held this land was an unrecorded deed, that A. M. Hightower had not paid the taxes on the premises in dispute for the period from 1885 to 1900, inclusive, and that A. M. Hightower in his conveyance to the plaintiff and his sister specifically described other lots of land therein conveyed, but did not specifically describe the premises in dispute, are not sufficient to show or authorize the jury to find that his possession originated in fraud.

3. The evidence introduced by the defendant does not make a case which will defeat the prescriptive title thus acquired by the plaintiff. The defendant not having acquired color of title to the land in dispute until 1901, and his only claim to the land in dispute being a prescriptive title, which he claims had accrued after the plaintiff and his sister had acquired the prescriptive title resting in A. M. Hightower, prescription would not run in his favor, for the reason that both parties thereafter would be in constructive possession of the same land, and no prescription would arise in favor of the defendant (Civil Code (1910), § 4166), sufficient to defeat the plaintiff's previously acquired prescriptive title.

4. Applying the above principles, the court erred in not granting a new trial on the general grounds complaining that the verdict for the defendant was contrary to the evidence.