## 21018

Edwin C. BRYSON, Sr., as Trustee in Bankruptcy of George W. Kane, Inc., Plaintiff-Respondent, v. ARCADIAN SHORES, INC., Wachovia Realty Investments, an unincorporated business trust, Starr Electric Co., Inc., Segar Waterproofing, Inc., Westinghouse Electric Corp., Shields, Inc., Carolina Marble and Tile Co., Towne Paving Co., Inc., Callendar Flooring Company, Inc., Herring Decorating, Inc., PPG Industries, Inc., of whom all are also Respondents, except Arcadian Shores, Inc., Defendant-Appellant.

WESTINGHOUSE ELECTRIC CORPORATION, Plaintiff-Respondent, v. OCEAN LAKES INVESTMENT COMPANY, INC., Arcadian Shores, Inc., and George W. Kane, Inc., of whom Ocean Lakes Investment Company, Inc., and George W. Kane, Inc., are also Respondents and Arcadian Shores, Inc., Defendant-Appellant.

SEGAR WATERPROOFING, INC., a North Carolina Corporation, Plaintiff-Respondent, v. ARCADIAN SHORES, INC., a South Carolina Corporation, George W. Kane, Inc., a North Carolina Corporation, and Wachovia Realty Investments, an unincorporated business trust, of whom George W. Kane, Inc., and Wachovia Realty Investments are also Respondents, and Arcadian Shores, Inc., Defendant-Appellant.

STARR ELECTRIC COMPANY, INC., a North Carolina Corporation, Plaintiff-Respondent, v. ARCADIAN SHORES, INC., a South Carolina Corporation, and George W. Kane, Inc., a North Carolina Corporation, of whom George W. Kane, Inc. is also a Respondent, and Arcadian Shores, Inc., Defendant-Appellant.

TOWNE PAVING, INC., Plaintiff-Respondent, v. ARCADIAN SHORES, INC., George W. Kane, Inc., and Wachovia Realty Investments, of whom George W. Kane, Inc., and Wachovia Investments are also Respondents, and Arcadian Shores, Inc., Defendant-Appellant.

CAROLINA MARBLE & TILE COMPANY, Plaintiff-Respondent, v. GEORGE W. KANE, INC., and Arcadian Shores, Inc., of whom George W. Kane, Inc., is also a Respondent, and Arcadian Shores, Inc., Defendant-Appellant.

SHIELDS, INC., Plaintiff-Respondent, v. GEORGE W. KANE, INC., and Arcadian Shores, Inc., of whom George W. Kane, Inc., is also a Respondent, and Arcadian Shores, Inc., Defendant-Appellant.

CALLENDAR FLOORING CO., INC., Plaintiff-Respondent, v. ARCADIAN SHORES, INC., a South Carolina Corporation, George W. Kane, Inc., and Wachovia Realty Investments, an unincorporated business trust, of whom George W. Kane, Inc. and Wachovia Realty Investments are also Respondents, and Arcadian Shores, Inc., Defendant-Appellant.

HERRING DECORATING, INC., Plaintiff-Respondent, v. GEORGE W. KANE, INC., and Arcadian Shores, Inc., of whom George W. Kane, Inc., is also a Respondent, and Arcadian Shores, Inc., Defendant-Appellant.

PGG INDUSTRIES, INC., a Pennsylvania Corporation, Plaintiff-Respondent, v. ARCADIAN SHORES, INC., a South Carolina Corporation, and Wachovia Realty Investments, an unincorporated business trust, of whom Wachovia Realty Investments is also a Respondent, and Arcadian Shores, Inc., Defendant-Appellant.

W. Crutcher ROSS, Plaintiff-Respondent, v. ARCADIAN SHORES, INC., Wachovia Realty Investments, an unincorporated business trust, Edwin C. Bryson, Sr., as Trustee in Bankruptcy of George W. Kane, Inc., Starr Electric Company, Inc., Segar Waterproofing, Inc., Westinghouse Electric Corporation, Shields, Inc., Carolina Marble & Tile Company, Towne Paving Co., Inc., Callendar Flooring Co., Inc., Herring Decorating, Inc., and PPG Industries, Inc., of whom Wachovia Realty Investments, Edwin C. Bryson, Sr., as Trustee in Bankruptcy of George W. Kane, Inc., Starr Electric Company, Inc., Segar Waterproofing, Inc., Westinghouse Electric Corporation, Shields, Inc., Carolina Marble & Tile Company, Towne Paving Co., Inc., Callendar Flooring Co., Inc., Herring Decorating, Inc., and PPG Industries, Inc., are also Respondents, and Arcadian Shores, Inc., Defendant-Appellant.

(257 S. E. (2d) 233)

*Claude M. Scarborough, Jr.,* and *Stephen G. Morrison,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, for *appellant.*

*Glenn Bowers,* of *Nexson, Pruet, Jacobs & Pollard,* Columbia, *for respondent, Westinghouse Electric Corporation.*

*Richard E. Lester,* of *Van-Osdell & Lester,* Myrtle Beach, *for respondents, Starr Electric Company, Inc., Segar Waterproofing, Inc.,* and *Callendar Flooring Co., Inc.*

*David B. Gravely,* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* Myrtle Beach, *for respondents, Shields, Inc., Carolina Marble and Tile Co., Inc., Towne Paving Co., Inc.,* and *Herring Decorating, Inc.*

*J. Stanton Cross, Jr.,* Conway, *for respondent, W. Crutcher Ross.*

*Richard M. Lovelace, Jr.,* Conway, *for respondent, Edwin C. Bryson, Sr.,* as *Trustee* of *George W. Kane, Inc.*

*R. W. Dibble, Jr.,* of *McNair, Konduros, Corley, Singletary & Dibble,* Columbia, *for respondent, Wachovia Realty Investments.*

*W. Samuel Woodard,* of *Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston,* Charlotte, N. C., *for respondent, W. Crutcher Ross.*

*Singleton & Singleton,* Myrtle Beach, *for respondent, PPG Industries.*

August 1, 1979.

NESS, Justice:

This is a consolidated mechanics lien foreclosure action involving construction of the Myrtle Beach Hilton. The findings of fact by the special referee were concurred in by the trial court. We affirm.

George W. Kane, Inc., now bankrupt, was the general contractor for the Myrtle Beach Hilton. Edwin C. Bryson, the respondent, is Kane's trustee in bankruptcy. Kane, various subcontractors and materialmen, and Ross, the architect, brought suit against the owner, appellant Arcadian Shores, Inc., for foreclosure of mechanics liens. The primary defense raised by Arcadian was that it was not responsible for the amounts Kane owed the subcontractors because it owed Kane nothing under the original construction contract. Arcalian asserted it was entitled to $556,054.29 as a set-off against Kane due to delay and construction defects.

The referee found there was a construction contract between Arcadian and Kane in the original amount of $6,660,-000.00; that there were written and signed change orders, authorizing and requesting additional labor and materials to be supplied by Kane in the amount of $1,064,488.96; that there was additional interior work performed by Kane at the instance and request of Arcadian in the amount of $179,-228.20; and that there were additional extras authorized by Arcadian, but not included in written change orders, in the amount of $25,000.00, thereby making the total contract price $7,928,717.16. He further found that payments had been made by Arcadian to Kane in the amount of $7,518,-280.96.

The referee concluded Arcadian was entitled to a set-off of $79,916.96 because of Kane's failure to complete a punch list. He also found that much of the remaining claimed set-off was attributable solely to a mildew/vinyl problem which

arose from a contract other than the construction contract between Arcadian and Kane.

After deducting the allowed set-off from the $410,436.20 which Arcadian owed Kane, the special referee found there was a balance due Kane of $330,519.24. The trial court substantially confirmed the referee's conclusions.

In an action at law where the parties consent to a reference, this Court's scope of review is limited to ascertaining whether any competent evidence exists to support the findings of the circuit court. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

Appellant initially excepts to the fact that the special referee found two separate amounts as the total contract price. In his order governing the main action, the referee found the total contract price to be $7,928,-717.16. In the companion order governing the *Ross* action, he found the total contract price to be $7,885,331.96. The trial court confirmed these amounts.

Appellant asserts this inconsistency amounts to an error of law. We disagree.

The special referee held that although all of the actions were consolidated for trial, the issues in the *Ross* action were substantially different and distinct from those in the other actions. Therefore, the *Ross* action was tried separate and apart from the actions involving the other mechanic's lienholders. Moreover, counsel for Kane and counsel for the subcontractors did not attend or participate in the *Ross* case.

The *Ross* action has since been settled, and the parties agreed that the *Ross* testimony would not be included in the transcript of record. Accordingly, the findings of the referee and the trial court with respect to that separate action are irrelevant here. Our inquiry is limited to determining whether any competent evidence exists to support the total

contract price figure of $7,928,717.16, found by the referee and the trial court to be applicable to *this* action.

The testimony of appellant's vice-president, Paul McGarr, establishes $6,660,000.00 as the base contract price. McGarr also testified he had approved four written change orders totalling $1,064,488.96. Kane's comptroller, Wade Gresham, testified that $179,228.20 worth of interior work was a part of the total construction contract. Kane's project manager, Joe Inman, testified that Kane and Arcadian agreed to limit the cost of "extras" contracted for by Arcadian to $25,000.00.

Ample credible evidence thus exists to support the total contract price adopted by the referee and the trial court. Accordingly, the discrepancy between that figure and the total contract price set in the *Ross* action does not warrant this Court's reversal.

Appellant next contends the amount of set-off awarded Arcadian was improper. This is without merit.

McGarr testified that Arcadian's claimed set-off totalled $556,059.29. Of this, $300,182.86 was a direct cash outlay, $98,006.43 was alleged lost room revenue, and $157,870.00 was the estimated cost of replacing vinyl wall covering. Regarding the $300,182.86 portion, McGarr stated it was comprised of the cost of completing the final punch list ($79,916.96), and the cost of correcting the mildew problem with the vinyl wall covering.

The referee and the trial court allowed all of the $79,916.96 attributed to completion of the final punch list, but denied the amount claimed for correction of the mildew problem because Arcadian had contracted directly with the vinyl contractor for the material and not with Kane. This was correct as Arcadian failed to establish Kane's responsibility for the vinyl/mildew problem.

Arcadian also failed to prove its entitlement to a set-off for lost room revenues. The proof offered by appellant on this issue was largely speculative, and

we conclude the referee and the trial court did not err in refusing to award Arcadian recoupment on this basis.

All other exceptions raised by appellant attempt to relitigate matters of fact resolved by the referee and the trial court. As their findings are amply supported by the record, appellant's exceptions are without merit.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.