21692

Ralph BELL, Jr., Appellant, v. SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, Respondent.

(291 S. E. (2d) 196)

*Joseph O. Rogers,* of *Rogers, Riggs & Rickenbaker,* Manning, *for appellant.*

*R. Markley Dennis,* of *Dennis, Dennis & Watson,* and *C. H. McGlothin, Jr.,* of *South Carolina Public Service Authority,* Moncks Corner, *for respondent.*

April 13, 1982.

NESS, Justice:

This is a boundary line dispute case. The parties consented to a determination by the special referee who found in favor of respondent, South Carolina Public Service Authority (PSA), the circuit court affirmed and Bell appealed. We affirm.

The boundary line in dispute arose out of a convey-ance in 1949 by PSA to Bell. The deed sets forth the boundary line as being located "one hundred feet in-land" from a line designated as the "approximate normal high water line" as shown on a plat referred to in the descrip-tion. Appellant contends "approximate normal high water line" is a seventy-five (75′) foot contour while respondent asserts it is a seventy-six (76.8′) foot contour.

Appellant's basic challenge to the judgment of the lower court is on the ground that it is without sufficient factual support.

Since this is an action at law, the conclusions of fact found by the referee and concurred in by the circuit court are binding on this Court, unless they are without evidentiary support. See cases enumerated in West's S. C. Digest, Appeal & Error, Key No. 1022(1); *Bryson v. Arcadian Shores, Inc.*, 273 S. C. 471, 257 S. E. (2d) 233 (1979).

The record reveals the original plat of the area incorporated into the deed was made by tracing the boundary line from an overlay of Harza Engineering Company. The line on the original plat is simply referred to as "approximate normal high water."

In determining the location of the line the referee and circuit court compared the original plat to the overlay traced from which designated the line a seventy-six (76.8') foot contour.

Moreover, the original deed to the appellant from the respondent stated:

"The South Carolina Public Service Authority specifically excepts from this conveyance and reserves to itself, its successors and assigns, the perpetual, free and unlimited right, at any and all times to flow, sob, soak or pond with water in any manner and from any cause the above described property,— with substantially its present facility and replacements thereof, but this agreement does not include any additional flowage which might result from a raising of the height of the impoundment dams, spillway gates or other structures."

Further it is uncontested the top of the tainter (flood) gates on the lake in 1949 was the 76.8 foot level which was authorized by the deed and would cause the lake level to rise to the 76.8 foot contour mark.

This evidence provides ample factual support which requires affirmance of the judgment.

All remaining issues are without merit and dismissed under Rule 23 of the Rules of Practice of this Court.

Affirmed.

LEWIS, C. J., and GREGORY and HARWELL, JJ., concur.

LITTLEJOHN, J., not participating.