0874

Frank W. SOSSAMON, III, and Donna V. Sossamon, Appellants v. Lloyd PEELER, Don Wisher and Melvin Propst, d/b/a Propst Lumber Company, Respondents.

(353 S. E. (2d) 152)

Court of Appeals

*H. Fulton Ross, Jr.,* of *Ross & Beach,* Gaffney, *for appellants.*

*James R. Thompson,* of *Saint-Amand, Thompson & Brown,* Gaffney, *for respondents.*

Heard Dec. 16, 1986.

Decided Feb. 2, 1987.

SHAW, Judge:

Appellants, Frank W. Sossamon, III and Donna V. Sossamon, brought this action for trespass and conversion against respondent, Lloyd Peeler, alleging Peeler wrongfully cut timber on the Sossamons' land. Respondents Don Wisher and Melvin Propst, d/b/a Propst Lumber Company, were also named in the suit.[1] The master denied the Sossamons' claim for damages, after finding the timber was cut from land owned by Peeler. Consistent with this finding, the master decreed Peeler the owner of the property in dispute. The Sossamons appeal and we affirm.

The key issue in this dispute is the location of the property line between the adjoining landowners. Both parties introduced surveys at trial which, if believed, would place the cut timber on his property. The master examined all of the evidence and found Peeler's evidence the "most believable and convincing."

A dispute regarding a boundary line is an action at law. *Bell v. South Carolina Public Service Authority,* 277 S. C. 556, 291 S. E. (2d) 196 (1982). Thus, this court is bound by the master's findings of fact if the record contains any evidence supporting those findings. *Bell,* 291 S. E. (2d) at 197.

The Sossamons claim the master's findings are not supported by sufficient evidence. We disagree and hold the survey offered by Peeler, and relied on by the master, is sufficient to require our affirmance.

The Sossamons also claim the master erred in decreeing the location of the boundary line. They contend this relief was not sought in the pleadings and thus,

---

[1] The parties stipulate Melvin Propst, d/b/a Propst Lumber Company, is not a party to this appeal.

only the issue of trespass was before the master.

Both parties offered evidence regarding the location of the boundary line in attempting to prove their position on the issue of trespass. Rule 54(c) of the South Carolina Rules of Civil Procedure provides in part:

> ... every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

We hold the master did not err in determining the location of the boundary line and, thus, ownership of the disputed property.

Finally, the Sossamons requested a new trial, in part due to after discovered evidence. This evidence consists of certain deeds in the Sossamons' and Peeler's respective chains of title. These deeds are matters of public record and, thus, the master did not err in denying the motion for a new trial.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.