0873

Ernest J. GOSNELL, Appellant v. Betty S. JONES, formerly Betty S. Hand, and Douglas Couch, Respondents.

(353 S. E. (2d) 456)

Court of Appeals

*George F. Townes*, Liberty, *for appellant.*

*W. Allen Reese*, Greer, *for respondents.*

Heard Dec. 16, 1986.

Decided Feb. 2, 1987.

SHAW, Judge:

This is a boundary line dispute. Appellant, Ernest J. Gosnell, brought this action against respondents Betty S. Jones and Douglas Couch[1] seeking an injunction and damages. Gosnell also requested a determination of the boundary line separating his land from Jones' land. Jones counterclaimed for an injunction and damages and also seeks a determination of the boundary line. The master found for Jones and awarded her $250.00 in damages for "the willful interference ... by [Gosnell] with the removal of cut timber from ... [Jones'] property." Gosnell appeals and we affirm in part and reverse in part.

An action to determine a property line is an action at law. *Bell v. South Carolina Public Service Authority*, 277 S. C. 556, 291 S. E. (2d) 196 (1982). Thus, we must affirm the master's finding if any evidence in the record supports the finding. *Bell*, 291 S. E. (2d) at 197.

This dispute arose when Couch, acting on behalf of Jones, attempted to have timber cut and removed from land both Gosnell and Jones claim to own. The record contains the following evidence supporting the master's finding. Jones introduced the 1968 deed in which she received 39⅓ acres. The deed describes the land by metes and bounds. The pertinent angle formed by this description is 140 degrees. John C. Smith, a surveyor testifying for Jones, reconstructed the disputed property line by turning the 140 degree angle off of an agreed "point" (marked "IPO" on Exhibit A) on the triangular-shaped disputed area.[2] Smith then extended a line to its intersection with the property line of Mann, an adjoining landowner. Jones also introduced into evidence a 1784 land grant plat in her chain of title. The pertinent angle formed by this plat is 140 degrees, which is identical to the angle in Jones' deed. Since

---

[1] Couch is Jones' son. He assists Jones with her business affairs and appeared for her in this action. Jones is eighty (80) years old and was unable to attend the hearing.

[2] See the attached exhibit.

this evidence was before the master and supports Jones' position, we affirm the master's finding as to the location of the boundary line.

However, we reverse the master's award of damages to Jones. After a thorough examination of the record we can find no evidence to support the damages award. The only evidence in the record on this issue is the following testimony by Couch:

> There was apparently a conflict because Mr. Ward [the man hired to conduct the timber operations] come back and said, "Look we've got problems up there on the line. What do I do?" I said, "You drop back for the time-being and you state where the line is, that Mr. Gosnell says it is for the time-being till we get his thing straightened out. Don't go over." He did so. In doing so, we still run into a conflict when we got on the other side because Mr. Gosnell was still saying, "You're coming too far." I had to stop them. They pulled out.

At most, this testimony implies Gosnell simply claimed to own the land and possibly told the timber men to stop their operations. There is no evidence Gosnell attempted to physically stop the timbering or even attempted to intimidate the workers by threat. Jones, believing in good faith she owned the land, could simply have ignored Gosnell's claims. Therefore, we hold the evidence in the record does not support an award of damages.

Affirmed in part; reversed in part.

SANDERS, C. J. and GARDNER, J., concur.

## EXHIBIT A

South Carolina

MRS BETTIE JONES

1" = 200'

100 50 0 100 200

SINCE 1909

SMITH

John C. Smith & Son
R.L.S. # 1443 & 3882
P.O. Box 732 Easley, SC
29640 / 803-859-5729

County GREENVILLE

John C. Smith or J.C. Smith III

Date 2-8-84