23644

MOUNTAIN LAKE COLONY, Appellant v.
James M. McJUNKIN, Respondent.

(417 S.E. (2d) 578)

Supreme Court

*George K. Lyall* and *Stephen R. Lewis* both of *Nelson, Mullins, Riley & Scarborough*, Greenville, *for appellant.*

*Kenneth C. Anthony, Jr.*, Spartanburg, *for respondent.*

Submitted March 24, 1992.

Decided April 27, 1992.

HARWELL, Chief Justice:

Appellant Mountain Lake Colony (Mountain Lake) contends that the trial judge erred in refusing to refer this action to the master-in-equity. We dismiss.

## I. FACTS

Both Mountain Lake and respondent James M. McJunkin (McJunkin) claim ownership to a tract of land in Greenville County. Mountain Lake brought an action for damages resulting from McJunkin's conversion of timber and trespass on the

land; injunctive relief enjoining McJunkin from entering the land; and for a declaratory judgment declaring that Mountain Lake is the true and lawful owner of the disputed tract. In his answer and counterclaim, McJunkin seeks damages for slander of title, trespass, and conversion, as well as a declaration that he is the true and lawful owner of the disputed tract.

In February 1991, Mountain Lake moved the trial judge to transfer the case to the master-in-equity on the grounds that both parties are seeking equitable relief, and that neither party is entitled to seek damages. The trial judge denied the motion.

## II. DISCUSSION

Mountain Lake asserts that the trial judge erred in refusing to refer this matter to the master-in-equity. A decision refusing an order of reference is generally not appealable unless the trial court, in refusing the reference, does so upon an erroneous belief that the cause of action was a legal one. *Williford v. Downs*, 265 S.C. 319, 218 S.E. (2d) 242 (1975).

Here, McJunkin raised the issue of title to the disputed tract in his pleadings. When the defendant's answer raises an issue of paramount title to the land, such as would, if established, defeat the plaintiff's action, it is an issue for the jury, unless jury trial is waived. *Van Every v. Chinquapin Hollow, Inc.*, 265 S.C. 474, 219 S.E. (2d) 909 (1975).

It appears that the cause of action is a legal one. Accordingly, the order of the trial judge denying a reference is not appealable.

Dismissed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.