THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

## THE STATE OF SOUTH CAROLINA
### In The Supreme Court

————————

| | |
|---|---|
| Daniel Darby, | Appellant, |

v.

| | |
|---|---|
| South Carolina Public Service Authority, | Respondent. |

————————

Appeal from Clarendon County
Thomas W. Cooper, Jr., Circuit Court Judge

————————

Memorandum Opinion No.  2012-MO-026
Heard April 5, 2012 – Filed June 27, 2012

————————

**AFFIRMED**

————————

Thomas E. Player, Jr., of Sumter, for Appellant.

Elizabeth Warner and Ben Sadler, both of Moncks Corner, for Respondent.

————————

**PER CURIAM:** This is a direct appeal involving a boundary line dispute.  Having carefully reviewed the record, we affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:  Bell v. S.C. Pub. Serv. Auth., 277 S.C. 556, 291 S.E.2d 196 (1982) (holding a boundary dispute is an action at law and the conclusions of fact found by the referee are binding on an appellate court unless they are without evidentiary support); Dargan v. Tankersley, 380 S.C. 480, 483, 671 S.E.2d 73, 75 (2008) ("In a case tried by a judge without a jury, the factual findings of the judge will not be reversed on appeal unless found to be without evidence that reasonably supports the judge's findings."); Hammond v. Lindsay, 277 S.C. 182, 184, 284 S.E.2d 581, 582 (1981) ("As a general rule, when maps, plats, or field notes are referred to in a grant or conveyance, they are to be regarded as incorporated into the instrument and are usually held to furnish the true description of the boundaries of land."); Klapman v. Hook, 206 S.C. 51, 32 S.E.2d 882, 883 (1945) ("Ultimately, the vital question is the intent of the grantor at the time the deed is executed.").

**AFFIRMED.**

**PLEICONES, ACTING CHIEF JUSTICE, BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice James E. Moore, concur.**