**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Nicholas L. Pettit, as Personal Representative of the Estate of Charles A. Pettit, deceased, Appellant,

v.

Audrey E. Volonis and Ryan D. Volonis, Respondents.

Appellate Case No. 2018-001797

_____

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

_____

Unpublished Opinion No. 2021-UP-145
Submitted April 1, 2021 – Filed May 5, 2021

_____

**APPEAL DISMISSED**

_____

Leonard R. Jordan, Jr., of Jordan Law Firm, of Columbia, for Appellant.

Todd Richard Lyle, of Reeves and Lyle, LLC, of Columbia, for Respondents.

_____

**PER CURIAM:** Nicholas L. Pettit, in his capacity as personal representative of the estate of Charles A. Pettit, appeals the circuit court's denial of his motion to refer the case to the master-in-equity. On appeal, he argues the counterclaims asserted by Audrey E. Volonis and Ryan D. Volonis (the Volonises) did not entitle

them to a jury trial.  We dismiss this appeal because the underlying order is not immediately appealable.

"Ordinarily[,] the granting or refusal of an order of reference is not appealable unless the granting of the reference deprives a party of a mode of trial to which he is entitled by law, or the [circuit court] in refusing a reference did so upon the erroneous belief that the cause of action was a legal one." *Williford v. Downs*, 265 S.C. 319, 321, 218 S.E.2d 242, 243 (1975).  Although Pettit's mortgage foreclosure action is an action in equity, the Volonises asserted counterclaims against Pettit, including a counterclaim for slander of title. *See Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 328, 755 S.E.2d 437, 440 (2014) (stating that "[a] mortgage foreclosure is an action in equity" (quoting *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997))); *Huff v. Jennings*, 319 S.C. 142, 148, 459 S.E.2d 886, 890 (Ct. App. 1995) (holding that "South Carolina law, through its incorporation of the common law of England, recognizes a cause of action for slander of title").  Because slander of title is a legal cause of action, Pettit's motion to refer the case to the master was not denied on an erroneous belief that the case raised a legal cause of action.  Accordingly, the underlying order is not immediately appealable.  *See Mountain Lake Colony v. McJunkin*, 308 S.C. 202, 204, 417 S.E.2d 578, 579 (1992) (finding an order refusing to refer action to the master-in-equity was not immediately appealable where the defendant asserted a legal cause of action in his answer).

**APPEAL DISMISSED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.